Robinson v. E. R. Pahl & Co. 194 Wis. 595.

ROBINSON and another, Executors, Respondents, vs. E. R. PAHL & COMPANY, Appellant.

*December 9, 1927—January 10, 1928.*

*Accord and satisfaction: Accepting check after disputed claim adjusted: Failure to plead settlement: Waiver by trial on merits.*

1. In an action on a claim for goods sold, begun in the civil court of Milwaukee county, evidence was received at the trial in regard to an accord and satisfaction, without objection by plaintiffs' counsel, and the subject of an accord was submitted to the circuit court on appeal. *Held* that, although the defense was not pleaded, the supreme court would not be justified under the record in refusing to consider it.  p. 597.

2. In a sale of a part of a grocer's stock, black polish and tan polish was delivered on invoice reading "Jet Oil Shoe Polish" to the buyer, who promptly objected to the tan polish on the ground that there was no market for it. Thereafter the seller accepted the buyer's check on a changed invoice wherein the tan polish was not included. *Held,* that the defendant was relieved from liability either on the theory that there was not a completed sale or because the transaction was a delivery "on sale or return," or that there was an accord and satisfaction.  p. 599.

APPEAL from a judgment of the circuit court for Milwaukee county: CHARLES L. AARONS, Circuit Judge. *Reversed.*

Suit on a claim of $98.63 for goods.

Plaintiffs, as executors of the estate of their father, George I. Robinson, were disposing of the wholesale grocery business which he had carried on for many years in Milwaukee. Defendant was in the same line and the two had had friendly business relations for twenty-five years or more. *Irving Robinson* called on defendant early in October, 1925, requesting it to take off their hands at jobbers' cost price such articles as defendant could use. He presented at such time an inventory list of twenty pages, which was then examined and some thirteen items thereon checked by defendant's buyer as such it would take.

About a week later an invoice slip was made out by *Irving Robinson* of the items with respective prices. The goods and the slip were delivered to defendant's teamster, who took them to defendant.

The last item of said list, the one in dispute here, then read: "96 box Jet Oil Shoe Polish 1.35, 15 per cent., $110.16." The polish were packed a dozen in a box.

On examination it was found that twenty-four were black, the remaining seventy-two brown polish. The defendant's witness testified, and it stood uncontradicted, that there was then no present market for the brown, and that defendant had on hand a large quantity of brown, and that the black was a ready seller.

Within ten days after the goods were so received defendant notified plaintiffs of objection to the brown polish, and suggestions were made that plaintiffs would try to arrange with the representative of the manufacturer to exchange the brown for black, and they tried so to do without success.

December 10th *George R. Robinson* called at defendant's store for payment of the bill of goods in question and a few other small items. This was considerably after the usual time for payment of such bills, but as stated by *Irving Robinson,* the plaintiffs wouldn't ask for their money in the usual time because defendant was helping plaintiffs out.

At this interview the invoice of October 15th was gone over and a change made in the prices set on a number of the thirteen items. The item in question had the "96" crossed off and "24" inserted before it, and the $110.16 was changed to $22.95. Under this item was written "4 doz. free" and also "72 doz. brown—holding for disposition." By whom such changes were written does not appear. The invoice then totaled $134.63 instead of the original $226.80. A check of $166.87 was then given by defendant for that amount together with several other items. *George R. Robinson* then conferred with the other plaintiff concerning the matter and they then raised, as the only objection, an item

of $3.60 on another article which had been deducted by defendant. *George R. Robinson* returned the same afternoon, received a check for the $3.60, and again left with the check of $166.87, both of which were cashed and retained.

This action was commenced in the civil court, the defendant admitting the purchase of certain goods but denying an indebtedness in any amount, and alleging that any goods purchased from the plaintiffs were fully paid for by defendant.

Judgment was directed after trial for plaintiff for the seventy-two dozen brown polish at the full list price of $1.35 and with no allowances.

On appeal to the circuit court the judgment was affirmed, and defendant appeals.

For the appellant there was a brief by *Brennan, Lucas & McDonough* of Milwaukee, and oral argument by *G. L. McDonough*.

For the respondents the cause was submitted on the brief of *August C. Moeller,* attorney, and *Emmet Horan, Jr.,* of counsel, both of Milwaukee.

ESCHWEILER, J. Defendant now contends that the transaction between the parties in December, when the two checks were given and retained by plaintiffs, was an accord and satisfaction of any and all disputed claims or demands between the two, and that the defendant was therefore entitled to judgment.

Plaintiffs assert that defendant ought not to be heard on such a defense because no accord and satisfaction was pleaded, and cites *Brzezinski v. Lakeside P. Co.* 187 Wis. 653, 660, 205 N. W. 418, to the effect that an accord and satisfaction must be pleaded and the issue thereon be tried.

Undoubtedly it would have been far better practice for such independent defense to have been specially set up by original pleading or by amendment during the trial; evidence,

however, was received indicating that, so far as defendant, at least, was concerned, the transaction in December was considered as being in the nature of a settlement of disputes between the parties, and such evidence was received without objection in that respect by plaintiffs' counsel. It is evident from the record and the court's decision that the subject of accord and satisfaction was submitted to the circuit court on appeal and there expressly considered and disposed of adversely to defendant.

We do not feel justified, therefore, in refusing to consider such a defense under the present record, and on the merits of that question we are satisfied that the judgment should be for defendant.

While it is true that defendant's buyer checked the item as he found it on the inventory submitted by plaintiffs of the "96 boxes of Jet shoe polish," still it is undisputed that nothing was said by either party as to the color, and it is undisputed that there was no present market for the brown and that the defendant was then overstocked with such brown polish. It is further undisputed that within ten days after the goods had been received plaintiffs were notified that the seventy-two dozen of brown shoe polish were not acceptable to defendant and such attitude was thereafter maintained constantly. It is undisputed that plaintiffs themselves recognized, to some extent at least, the question whether there had been an outright sale of this entire item by their attempting to arrange with the manufacturer's representative for an exchange of the seventy-two boxes of brown for the same number of black which the defendant would have been willing to take. The acts of the parties when the arrangement was made in December; payment made and accepted for the twenty-four boxes of black polish and the remaining seventy-two dozen of brown excluded from the computation as to the amount due plaintiffs on this entire bill; the fact that the amount of the check then given was not

accepted by plaintiffs until and after a conference between the two plaintiffs and an objection raised to the $3.60 item, which had nothing to do with the shoe polish, and after that item was adjusted and paid then the other check was accepted and retained,—all show an accord and satisfaction. Who wrote on the face of the invoice that the seventy-two brown were "held for disposition" does not appear in the record. But it does appear that the plaintiffs accepted the check in payment of the exact changed total on the face of their own and corrected invoice. It is of considerable significance that if it was not then in effect understood and agreed that the defendant should be discharged from further liability on the theory of a completed sale and passing of title to the defendant of the entire ninety-six dozen as of the time the articles were delivered to defendant, that the plaintiffs should have accepted and retained a check for an amount which included the twenty-four boxes of black polish, and still allow the seventy-two dozen of brown to remain unpaid for, although they refused to accept such check of $166.87 when first given because of the dispute over the little item of $3.60. Such action of the parties seems to us to speak loudly to the effect that it was then agreed upon by the parties that the seventy-two boxes of brown should be treated as separate and distinct from the twenty-four boxes of the black polish in accord with the consistent claim of the defendant to that effect, either on the theory that there was not a completed sale in October and no then passing of title under sec. 121.18, Stats., or else a delivery "on sale or return" under sec. 121.19 (3) (a), and in any event that such disputes were then settled and compromised.

There is no escape from the conclusion that had the original invoice disclosed the true condition of affairs, that there were but twenty-four dozen of the salable black shoe polish, this controversy would never have arisen. There is no foundation here for asserting any want of good faith or fraud

by defendant, and we think, therefore, that judgment should have gone for the defendant, and that the situation disclosed is not within that of *Robinson v. Marachowsky,* 184 Wis. 600, 200 N. W. 398, cited by the court below.

The judgment below was also incorrect in computing the amount found due for the seventy-two dozen of brown polish at the list price of $1.35 and making no allowance for the fifteen per cent. discount that was stated on the face of the bill itself as originally made out by *Irving Robinson,* or for a certain quantity of free boxes as was agreed upon by the parties in computing the amount due for the twenty-four dozen.

*By the Court.*—Judgment reversed, and the cause remanded with directions to dismiss the complaint.